UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. 1:19-CR-93-HAB-SLC |
| ANTONIO MUNOS, | |
| Defendant. | |

## OPINION AND ORDER

In 2021, Defendant Antonio Munos pleaded guilty to a single count of distributing methamphetamine and received a sentence of 121 months of imprisonment and five years' supervised release. Now before the Court is Munos's second pro se motion seeking a sentence modification in the form of compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that—despite his sentence being at the low end of the guideline range—his sentence should be reduced because it was "unusually long." (ECF No. 75).

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. See 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. See 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case –
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

> facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
> (i) extraordinary and compelling reasons warrant such a reduction … … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement on § 3582(c)(1)(A), which provides six circumstances that may provide "extraordinary and compelling reasons" for a reduction in sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.12. Those six circumstances are:

- certain medical circumstances of the defendant;
- the defendant's age;
- the defendant's family circumstances;
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction of, a correctional officer;
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above; and
- the defendant received an unusually long sentence.

*Id.* § 1B1.12(b)(1)–(6).

If the defendant identifies one or more of these circumstances, the court proceeds to the second step and "exercis[es] the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022).

Munos's motion fails off the bat. First, while he did appear to attempt to exhaust his administrative remedies by filing a compassionate release request with the warden of his facility, that request failed to specify on which grounds he was seeking release beyond generally

referencing the First Step Act. (ECF No. 75-5). At no point in his request did Defendant clarify on which "extraordinary and compelling reason" he was seeking release, nor did he include any mention of the allegedly unusual length of his sentence or U.S.S.G. § 1B1.13(b)(6), meaning he likely did not properly exhaust. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) ("[I]n order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the [warden] as in a motion to the court.").

Second and more importantly, however, even if the Court were to find that Defendant received an "unusually long sentence," U.S.S.G. 1B1.13(b)(6) does not help him because he has not served the required ten years of his sentence to qualify—"If a defendant received an usually long sentence *and has served at least 10 years of the term of imprisonment . . . .*"—or pointed to a change in law since his sentencing that would produce a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6) (emphasis added). Defendant has been in federal custody since 2019 and was sentenced in 2021, meaning he has served at most six years of his sentence and is thus well under the threshold requirement for § 1B1.13(b)(6) to be applicable. For this reason, Defendant's motion must be denied.

That said, what Munos is truly requesting is that the Court revisit his sentence. Such a motion is properly pursued, not in a motion for compassionate release, but instead through a motion under 28 U.S.C. § 2255. *See United State v. Arojojoye*, 806 Fed. App'x 475, 478 (7th Cir. 2020) (per curiam) (approving the district court finding that a defendant's § 3582 motion is an improper § 2255 motion because it "expressly sought a modification of his prison sentence" based on a sentence disparity argument); *see also United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion

to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion."). But here, it appears on its face that any § 2255 motion would be untimely given the one-year limitations period governing these types of claims. *See* 28 U.S.C. § 2255(f).[1]

## **CONCLUSION**

For the above reasons, Defendant's Motion for Reduction of Sentence pursuant to 3582(c)(1)(A) (ECF No. 75) is DENIED.

SO ORDERED on November 20, 2025.

                                                         s/ Holly A. Brady
                                                         CHIEF JUDGE HOLLY A. BRADY
                                                         UNITED STATES DISTRICT COURT

---

[1] The one-year limitations period on § 2255 claims runs from the latest of:
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).